# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEMARENE ANDREW COLEMAN,

Petitioner,

v.

STATE OF NEVADA, et al.,

Respondents.

Case No. 2:20-cv-01754-APG-EJY

**ORDER**

(ECF No. 1)

Petitioner Demarene A. Coleman, a Nevada state prisoner, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1-1.  I now conduct a preliminary review under the Rules Governing Section 2254 Cases.[1]  For the reasons discussed below, I dismiss the petition without prejudice for failure to state a cognizable claim.

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Coleman's petition involves a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. Nevada. *State of Nevada v. Coleman*, Case No. 05C215295-1.[2] In September 2007, Coleman was convicted of first-degree murder and battery with use of a deadly weapon.  His petition asserts that prison officials and Nevada courts have miscalculated his statutory credits for parole eligibility under Nevada law.  He alleges that the miscalculation violates "due process," "equal protection," "privileges and immunities," and the "*ex post facto*

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

clause" of the United States Constitution.

The Antiterrorism and Effective Death Penalty Act (AEDPA) "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).  A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the United States Constitution or its laws. 28 U.S.C. § 2254(a).  Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues).  A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

Additionally, a state prisoner's habeas claim is cognizable only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc).  Federal law provides two main avenues to relief on complaints related to incarceration: (1) a petition for habeas corpus, 28 U.S.C. §§ 2241, 2254, 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004).  If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," in a civil rights action under § 1983. *Nettles*, 830 F.3d at 931.  In *Nettles*, a prisoner serving a life sentence with the possibility of parole was found guilty of a disciplinary infraction, which caused 30 days of good time credits to be revoked. *Id.* at 925–26.  He filed a federal habeas petition seeking restoration of the good time credits and expungement of the rule violation report that led to the loss of good time credits. *Id.* at 927.  However, his claim was not cognizable because habeas relief was unavailable for "probabilistic claims," *i.e.*, claims where success would "not *necessarily* shorten the prisoner's sentence." *Id.* at 933–35 (claim falls outside core of habeas where it "*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole," but is not certain to do so) (citation omitted).

Here, Coleman's petition fails to allege a cognizable federal habeas claim because, if Coleman were to succeed on his claims, it would only mean an earlier parole hearing. However, an earlier parole hearing will not necessarily lead to his immediate or speedier release because the parole board has the authority and discretion to grant or deny parole. *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing NRS 213.1099(2)) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole."). Additionally, his claim presents no federal question because, although Coleman mentions multiple constitutional rights, including due process and equal protection, the petition plainly turns on the application or interpretation of Nevada law regarding calculation of statutory good time credits. *See Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process").[3] Therefore, Coleman's claims are also non-cognizable in federal habeas as they present a pure question of state law.[4]

I THEREFORE ORDER:

1. Petitioner Demarene A. Coleman's Petition for Writ of Habeas Corpus **(ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE**.

2. A certificate of appealability is denied as reasonable jurists would not find dismissal of this action on the grounds set forth above to be debatable or wrong.

---

[3] Furthermore, Nevada inmates possess no liberty interest in being released on parole, *Moor v. Palmer*, 603 F.3d 658, 662–63 (9th Cir. 2010), or the application of good time credits, *Witherow v. Farwell*, 383 Fed. App'x 688 (9th Cir. 2010) (holding that good time credits do not apply to an indefinite maximum term such as a life sentence) (citing *Hunt v. Warden*, 903 P.2d 826, 827 (Nev. 1995)).

[4] I have not reviewed all potential issues that could arise if Coleman were to file a § 1983 complaint. This order does not explicitly or implicitly find that a § 1983 complaint would be free of deficiencies, procedural or otherwise. Accordingly, I decline to recharacterize Coleman's petition as a § 1983 complaint. *Nettles*, 830 F.3d. at 935–36 (quotation omitted); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (courts should not recharacterize a prisoner's *pro se* filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). In addition, I express no opinion regarding exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts. 42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA").

3. Coleman's Application to Proceed *In Forma Pauperis* **(ECF No. 1)** and Motion for Appointment of Counsel **(ECF No. 1-2) are DENIED AS MOOT**.

4. The Clerk of Court is instructed to send Coleman one blank copy of the form complaint for § 1983 civil rights actions.

5. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for the respondents.  No response is required from the respondents other than to respond to any orders of a reviewing court.

6. The Clerk of Court will file the Petition for Writ of Habeas Corpus (ECF No. 1-1) and informally serve the Nevada Attorney General with the petition and this order by sending a notice of electronic filing to the Nevada Attorney General's office.

7. The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

Dated: December 18, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE